IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-00761-TUC-RM-EJM |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF CUSTOMS AND BORDER PROTECTION DOCUMENTS** |
| Andrew Lamar Blake, et. al., | |
| Defendants. | |

The Court having considered the Government's Motion for Protective Order [Doc. 110], and good cause appearing, having been shown, pursuant to Fed. R. Crim. P. 16(d)(1),

IT IS ORDERED:

1. The CBP Directive on Emergency Driving and Vehicular Pursuits by Customs and Border Protection Personnel, and the U.S. Customs and Border Protection memorandum regarding Vehicles Authorized for Pursuits and Offensive Driving Techniques, as redacted, are subject to this Protective Order and should be marked "Subject to Protective Order" on each page of the disclosure.

2. Any document marked "Subject to Protective Order" shall be kept by defense counsel in a secure location in his or her office.  Such documents may be reviewed by defense counsel, or by defendant in the presence of defense counsel at his or her office, or at a custodial facility if applicable, so long as copies of such documents are not left at the custodial facility.  Such documents may also be shared with administrative

personnel in defense counsel's office as required to prepare a defense. Documents designated "Subject to Protective Order" (or copies thereof) shall not be removed from defense counsel's office except in compliance with paragraph 3 of this Order.

3. To the extent defense counsel believes he or she must share the documents designated "Subject to Protective Order" with defense investigators, agents, and/or experts as necessary to prepare a defense in this case, defense counsel shall furnish a copy of this Order to such third person and obtain his or her signed, written agreement to abide by its terms. Upon obtaining written agreement from the third-party, defense counsel shall promptly file a notice with the Court *ex parte* under seal attaching that signed, written agreement. Defense counsel must file this notice with the Court prior to showing any documents designated "Subject to Protective Order" to the third-party. Defense investigators, agents, and/or experts receiving such information shall not reproduce or disseminate any without further order of the Court and must return any copies of such material to defense counsel at the conclusion of this case.

4. If the information contained in the documents marked "Subject to Protective Order" is to be referenced in any motion, or if the documents themselves are to be attached to such a motion, such motion shall be filed under seal unless otherwise ordered by the Court. If any portion of the documents marked "Subject to Protective Order" are proffered for admission as an exhibit at any hearing or trial, the proffering party shall immediately move to seal the exhibit with no objection from the non-proffering party. Further, that portion of any on-the-record testimony or argument discussing or revealing the contents of the documents marked "Subject to Protective Order" shall be sealed with no objection.

5. Any person authorized by this Order to review or obtain documents designated "Subject to Protective Order" (including third persons described in paragraph 3) shall not disclose their contents to any third person, and shall only use them for the purposes of preparing and presenting a defense in this criminal case. All documents marked "Subject to Protective Order" (and any copies), together with any work product

generated by any third person containing information from a document designated "Subject to Protective Order," shall be returned to the assigned Assistant U.S. Attorney for destruction after the completion of the proceedings, to include any appeal, collateral attack, or other post-conviction proceeding. Upon compliance with this requirement, defense counsel shall file a notice with the Court to that effect.

6. Nothing in this Order shall prevent any party from seeking modification of this Protective Order.

7. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute any ruling on any potential objection to the discoverability of any material.

8. Nothing in the Court's order requires the United States to provide discovery beyond what is required by Rule 16, Federal Rules of Criminal Procedure, and the Court's discovery orders.

9. Defense counsel shall file an acknowledgment of the order resulting from this Motion within 10 days of the date of such order.

Dated this 23rd day of August, 2018.

_____
Eric J. Markovich
United States Magistrate Judge